UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>RUTH SIMS,<br><br>              Plaintiff,<br><br>    -against-<br><br>ROCHESTER POLICE; DEPUTY NEWTON; INTERNAL REVENUE SERVICE; SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendants.</td><td>1:25-CV-9360 (LTS)<br><br>TRANSFER ORDER</td></tr>
</table>

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ruth Sims, who is currently being treated in the Central New York Psychiatric Center ("CNYPC"), in Marcy, New York, brings this action *pro se*, asserting claims under the court's federal question and diversity of citizenship subject-matter jurisdictions, and seeking "unclaimed funds [made] to [the Social Security Administration] address [at] 87 North Clinton Avenue[,] Rochester, New York." (ECF 1, at 11.) Plaintiff names as defendants: (1) the Rochester (New York) Police Department ("RPD"); (2) Monroe County Deputy Sheriff Newton; (3) the Internal Revenue Service ("IRS"); and (4) the Social Security Administration ("SSA"). The Court construes Plaintiff's claims against the RPD and Newton as claims of federal constitutional violations brought under 42 U.S.C. § 1983 and claims under state law, and her claims against the IRS and the SSA as brought under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims against the RPD and Newton brought under 42 U.S.C. § 1983 and under state law is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The RPD, a City of Rochester (New York) agency, resides in Rochester, Monroe County, New York, within the Western District of New York, *see* 28 U.S.C. § 112(d), not this judicial district.[1] In addition, while Plaintiff seems to allege that Newton is assigned to the Monroe County Jail, in Rochester, New York (ECF 1, at 4), she does not allege where Newton resides. Thus, it is unclear that, under Section 1391(b)(1), this court is a proper venue for Plaintiff's claims against the RPD and Newton under Section 1983 and under state law.

Plaintiff alleges, however, that a substantial portion of the events that are the bases for her claims occurred in Rochester, Monroe County, New York (*id.* at 5-11), within the Western

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

District of New York, *see* § 112(d), and not within this judicial district. Thus, under Section 1391(b)(2), the United States District Court for the Western District of New York, and not this court, would seem to be a proper venue for Plaintiff's claims against the RPD and Newton under Section 1983 and under state law.

With respect to Plaintiff's claims brought under the FTCA, they must be brought in the federal district court for "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). While Plaintiff is currently being treated at CNYPC, which is located in Marcy, Oneida County, New York, within the Northern District of New York, *see* § 112(a), she does not allege that she resides there; while Plaintiff does not specify where she resides, in would seem that she resides in Rochester, New York (ECF 1, at 5-11), within the Western District of New York. In addition, as discussed above, it would appear that the alleged events that are the bases for Plaintiff's claims under the FTCA have also occurred in Rochester, within the Western District of New York. Thus, the United States District Court for the Western District of New York, and not this court, would appear to be a proper venue for Plaintiff's claims against the IRS and the SSA under the FTCA.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;

3

(8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred in Rochester, Monroe County, New York, within the Western District of New York, and it is reasonable to expect that relevant documents and witnesses would also be found within that judicial district. Thus, the United States District Court for the Western District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 14, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge